# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

GREGORY OTTO,

    Plaintiff,

    v.                                              Case No. 07-C-427

MILWAUKEE COUNTY,

    Defendant.

## DECISION AND ORDER

On May 9, 2007, the plaintiff, Gregory Otto, who was a sergeant with the Milwaukee County Sheriff's Department, filed a complaint alleging that defendant Milwaukee County violated the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 et seq. The plaintiff asserts that the defendant failed to fully compensate him for overtime work. The plaintiff seeks a declaratory judgment, overtime pay and other relief.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

On September 13, 2007, the plaintiff filed a motion to amend the complaint to add a party plaintiff, Carol Curfman, a current sergeant with the Milwaukee County Sheriff's Department. The defendant does not object to the addition of Ms. Curfman as a party plaintiff, but objects to her request to have the amended complaint relate back to the date of initial complaint for purposes of damages calculation.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15(a) "evinces a bias in favor of granting leave to amend" and unless there is a substantial reason to deny leave to amend, "the discretion of the district court is not broad enough to permit denial." Select Creations, Inc. v. Paliafito America, Inc., 830 F.Supp. 1213, 1216 (E.D. Wis. 1993).

Rule 15(c) of the Federal Rules of Civil Procedure, which addresses the relation back of amendments of a pleading provides in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when
>
>  (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
>  (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

"The Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems." Staren v. American Nat. Bank & Trust Co. of Chicago, 529 F.2d 1257, 1263 (7th Cir. 1976). Thus, amendments pursuant to Rule 15(c) should be freely allowed. Id.; Olech v. Village of Willowbrook, 138 F. Supp. 2d 1036, 1041 (N.D. Ill. 2000).

A review of Rule 15(c)(3) reveals that its express terms do not address the situation in this case, namely an attempt to add a new party plaintiff to assert a claim against the defendants. However, in this regard, the Advisory Committee Notes to the 1966 Amendment to Rule 15 state:

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that the statue of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

In applying the "attitude" of Rule 15(c) to motions to add a new plaintiff to a case, courts have been divided on the proper approach. See Olech, 138 F. Supp. 2d at 1042 (citing cases). Some apply the literal requirements of Rule 15(c) in order for the amendment to relate back, while others, including the courts in this circuit, focus instead on the questions of fair notice and the absence of undue prejudice. Id. (citing cases).

- 3 -

In Paskuly v. Marshall Field & Co., 646 F.2d 1210, 1211 (7th Cir. 1981), for example, the court of appeals for this circuit affirmed the trial court's decision that a claim asserted by new plaintiffs related back to the time of the original plaintiff's claim. The plaintiff had filed an individual action alleging sex discrimination and more than a year later sought to add as party plaintiffs a class of all similarly situated female employees of the defendant. The district court concluded that the defendant had notice of the claim at the time the complaint was filed and that relation back of the added claim would not cause the defendant undue prejudice. 494 F. Supp. 687, 688 (N.D. Ill. 1980). In so concluding, the district court observed that "the claims of the class which plaintiff seeks to bring into this action are alleged to arise from the same employment practices from which plaintiff's claim allegedly arises." Id. The appeals court agreed, stating that the original allegations placed the defendant "on notice that it might be required to defend its employment practices from charges of class-based discrimination." Paskuly, 646 F.2d at 1211.

In this case, the new plaintiff's claim arises out of the same conduct or occurrence set forth in the original complaint and, accordingly, the defendant had fair notice of the new plaintiff's claim. Moreover, the addition of the new plaintiff will not cause the defendant undue prejudice. There is no indication that relevant evidence has been lost or compromised given the passage of time, nor is there any indication that the defendant will have inadequate time for discovery given the addition of a new plaintiff. See Olech, 138 F.Supp. 2d at 1046 (citing Sherwin Manor Nursing Center, Inc. v. McAuliffe, 1997 WL 367368 [N.D. Ill.] at *8). Furthermore, the defendant does not object to adding the new party plaintiff. As noted, the defendant's only objection is having the new plaintiff's claim relate back to the original complaint because of the potential for increased damage calculations.

The court has carefully considered the positions of the parties and concludes that the plaintiff's motion to add a party plaintiff will be granted. The amended pleading will relate back to the original complaint because the claims arose from the same employment practice from which the initial claim arose. The original complaint placed the defendant on notice and the defendant will not be unduly prejudiced by plaintiff's amendment. Accordingly, such amendment will relate back to the date of the original action.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to amend the complaint to add a party plaintiff be and hereby is **granted**. (Docket #22).

Dated at Milwaukee, Wisconsin, this 30th day of October, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge